HARVEY P. SACKETT (72488)
SACKETT
AND ASSOCIATES
A PROFESSIONAL LAW CORP.
548 Market Street, Suite 38822
San Francisco, California 94104-5401
Telephone: (408) 295-7755
Facsimile: (408) 295-7444
Email: hps@sackettlaw.com
Attorney for Plaintiff
/as

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BRIAN M. HOFFMAN,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 1:26-cv-03029-GSA<br><br>STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

On September 11, 2026, this Court issued an order reversing the final decision of the Defendant, Frank Bisignano, the Commissioner of Social Security (Commissioner), with a remand for further administrative proceedings, 42 U.S.C. § 405(g) (sentence four); judgment was entered.

In the interest of administrative and judicial economy, the parties have agreed to stipulate that an award of THREE THOUSAND SEVEN HUNDRED SIXTY-THREE DOLLARS AND EIGHTY-SIX CENTS ($3,763.86) in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), is reasonable. This award is without prejudice to Plaintiff's right to seek attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. However, this award shall constitute a complete

release from and bar to any claims Plaintiff may have relating to EAJA fees and costs. Further, such award shall not be used as precedent in any future cases, nor be construed as a concession by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified.

After the Court issues an order for EAJA fees to Plaintiff, the Government will consider the matter of Plaintiff's assignment of EAJA fees to Harvey P. Sackett ("Counsel"). Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the ability to honor an assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA is entered, the Government will determine whether they are subject to offset. Fees shall be made payable to Plaintiff, but if the Department of Treasury determines Plaintiff does not owe a federal debt, then the Government shall cause the payment of fees, expenses, and costs to be made payable directly to Counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered and made payable to Counsel.

Accordingly, Defendant agrees to pay Plaintiff $3,763.86 in attorney's fees.

All parties whose signature lines appear in this document have consented to its filing. This award is without prejudice to the rights of Sackett and Associates and/or Harvey P. Sackett to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Dated: September 30, 2026

SACKETT AND ASSOCIATES

By: /s/ *HARVEY P. SACKETT*
HARVEY P. SACKETT
Attorney for Plaintiff
BRIAN M. HOFFMAN

Dated: October 1, 2026

ERIC GRANT
United States Attorney

By: /s/*MARGARET BRANICK-ABILLA*
MARGARET BRANICK-ABILLA

Special Assistant United States Attorney
Attorney for Defendant
[*As authorized by email on 9/30/26]

**ORDER**

Pursuant to the stipulation,

.

IT IS SO ORDERED.

Dated: **October 1, 2026**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE